UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2972 FMO (FFMx) | Date | February 7, 2022 |
|---|---|---|---|
| Title | Bellflower Unified School District v. Fernando Lua, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order Dismissing Action With Prejudice

On December 30, 2021, plaintiff notified the court that it "wishe[d] to withdraw its administrative appeal of the Administrative Law Judge's Decision" and was working with defendants to finalize language for a joint stipulation of dismissal. (Dkt. 43, Declaration of Richard D. Brady in Response to Order to Show Cause at ¶¶ 3-4). Plaintiff asked the court to "set a deadline for the submission of an acceptable Stipulation of Dismissal by entering an Order stating that if a Stipulation of Dismissal is not filed on or before January 30, 2022, then the Complaint shall be dismissed with prejudice." (Id. at ¶ 5).

On January 4, 2022, the court ordered plaintiff to file a Joint Stipulation of Dismissal ("Stipulation") no later than January 30, 2022, consistent with its request. (See Dkt. 44, Court's Order of January 4, 2022). The order admonished plaintiff that "[f]ailure to file the Stipulation by [January 30, 2022] shall result in the dismissal of the action for lack of prosecution and failure to comply with a court order." (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the filing date of this Order, plaintiff has not filed a Stipulation. (See, generally, Dkt.).

A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388.

In determining whether to dismiss plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2972 FMO (FFMx) | Date | February 7, 2022 |
|---|---|---|---|
| Title | Bellflower Unified School District v. Fernando Lua, et al. | | |

Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

    Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to file the Stipulation hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file the Stipulation would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 44, Court's Order of January 4, 2022); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

    Based on the foregoing, IT IS ORDERED THAT the above-captioned case is **dismissed with prejudice**. Judgment shall be entered accordingly.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |